UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JFE FRANCHISING, INC.,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. _____ | |
| § | | |
| **FOODKOPOLIS, LLC,** § | | |
| § | **JURY TRIAL DEMANDED** | |
| Defendant. § | | |

**ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

This is an action for trademark infringement and unfair competition under Section 32 and 43(a) of the Lanham Act (15 U.S.C. §§1114, 1125(a)) and the common law of the State of Texas. Plaintiff JFE Franchising, Inc. ("JFE") respectfully brings this action to prevent further confusion and to protect its brand and its SUSHIBOX trademark from further damage caused by the wrongful activities of Defendant Foodkopolis, LLC ("Defendant").

**PARTIES**

1. JFE Franchising, Inc. is a Texas corporation with a place of business at 2021 Bingle Road, Houston, Texas 77055.

2. Defendant is believed to be limited liability company organized under the laws of the State of Florida with an address at 2611 North Miami Avenue, Miami, Florida 33137. Upon information and belief, Defendant has appointed Rubino, Gonzalo as its registered agent for service of process, and such agent may be served at 9499 Collins Ave, Apt 804, Surfside, FL 33154

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121, and 28 U.S.C. §§1331, 1338(a), 1338(b), and 1367. This Court has supplemental

1

jurisdiction over JFE's Texas law claims pursuant to 28 U.S.C. §1367, because those claims are substantially related to JFE's federal Lanham Act claims.

4. Upon information and belief, this Court has personal jurisdiction over Foodkopolis, LLC because it has continuous and systematic contacts with the State of Texas that give rise to the claims in this Action.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## JFE AND ITS DISTINCTIVE SUSHIBOX MARK

6. JFE was founded in 2005 and is a leading provider of full-service sushi kiosks in the grocery industry. JFE owns and operates over 1,100 full-service sushi kiosks in 37 states throughout the continental U.S., Hawaii and Alaska. JFE's products include, among other things, cooked and raw sushi, bento boxes, chef favorites, appetizers, Chinese stuffed dumplings packaged meals consisting primarily of rice or pasta, rice, sauces, seasonings, and party platters. JFE prides itself on and its mission is to provide the highest restaurant quality products and ingredients in all of its products. JFE's efforts have been wildly successful and JFE's success is displayed by its partnerships with retail partners such as Kroger, Costco, Fry's Food and Drug, King Soopers, Sam's Club, City Market, and Albertsons.

7. At least as early as 2017, JFE adopted and used the trademark SUSHIBOX in association with its goods and services. JFE is the owner of United States Trademark Registration No. 5,727,957, filed on November 1, 2018 and registered on April 16, 2019, based on a first use in commerce of 2017. *See* Exhibit A.

8. JFE has marketed itself and its SUSHIBOX brand widely since it adopted the mark in 2017, via both traditional advertising methods and social media. In addition to the strict attention to detail on the quality of its products under the SUSHIBOX trademark, JFE has also

worked hard to create a distinctive and uniform look and feel to its SHUSHIBOX goods and services.

9. By virtue of its widespread use of the distinctive SUSHIBOX trademark, JFE has also obtained common law trademark rights to SUSHIBOX pursuant to the laws of the State of Texas.

## DEFENDANT'S WRONGFUL ACTS

10. Upon information and belief, around September 2020, Defendant adopted and used the mark THE SUSHI BOX in association with Asian and Chinese food, including sushi and associated foods. *See* Exhibit B and C.

11. On October 9, 2020, Defendant filed U.S. Trademark Application Serial No. 90/244790 for the mark THE SUSHI BOX for Asian and Chinese food in International Class 029.

12. Defendant's trademark application for THE SUSHI BOX was rejected by the United States Patent and Trademark Office based on JFE's U.S. Trademark Registration for SUSHIBOX under Section 2(d) of the Lanham Act. *See* Exhibit D.

13. Defendant filed a Petition for Cancellation of JFE's federal trademark registration. JFE, though counsel, will move to suspend that proceeding pending this federal trademark infringement and unfair competition action. Regardless, Defendant's rejection on the basis of a likelihood of confusion with JFE's SUSHIBOX trademark establishes Defendant had notice of JFE's federally registered trademark since at least as early as February 8, 2021. Despite such constructive and actual knowledge of JFE's federal trademark registration for a legally identical trademark, Defendant, upon information and belief, has continued to use its infringing trademark in association with identical goods and services.

14. Upon information and belief, Defendant has actively promoting its "THE SUSHI BOX" including through its Internet website, and on social media, and other online platforms such as Postmates and Uber Eats.

15. By reason of Defendant's unlawful acts, JFE has suffered and will continue to suffer damage to its business, reputation, goodwill, and the loss of sales and profits it could have realized (along with the same damage and loss to JFE's franchisees) but for Defendant's misconduct.

16. Upon information and belief, Defendant's unlawful acts are knowing and willful. To be sure, Defendant has had constructive and actual knowledge of JFE's rights in and to the SUSHIBOX trademark and JFE's federal trademark registration because Defendant's own trademark application was rejected by the USPTO based on a likelihood of confusion with JFE's registered mark.

17. Unless restrained and enjoined by this Court, Defendant will continue to engage in the acts complained of and irreparably damage JFE. JFE's remedy at law is not adequate to compensate it.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT OF REGISTERED SUSHIBOX MARK

18. JFE repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

19. Defendant's unauthorized use in commerce of the SUSHIBOX mark as described herein is likely to cause confusion, mistake, or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

20. JFE is the owner of United States Trademark Registration No. 5,727,957, filed November 1, 2018, for SUSHIBOX, a printout of which is attached hereto as Exhibit A.

21. The foregoing registration is valid, subsisting, uncancelled, and unrevoked.

22. Defendant has used in commerce a reproduction, counterfeit, copy and/or colorable imitation of JFE's SUSHIBOX mark in connection with the sale, offering for sale, distribution, or advertising of goods and services on or in connection with which such use, and uses by Defendant is likely to cause confusion or to cause mistake or to deceive as to the source or origin of Defendant's goods and/or services.

23. Defendant has infringed JFE's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of goods and services under the name THE SUSHI BOX of a type similar to the goods and services offered by JFE and displaying, advertising, and promoting services under the name THE SUSHI BOX.

24. Defendant's use of the name THE SUSHI BOX in connection with its goods and services is without the permission or authority of JFE and said use is likely to cause confusion, to cause mistake, and/or to deceive.

25. Upon information and belief, Defendant's infringing activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to JFE's business, reputation, and goodwill in its federally registered SUSHIBOX trademark. JFE has no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

26. JFE repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

27. Upon information and belief, Defendant has used the designation THE SUSHI BOX in connection with goods and services to advertise and promote its goods and services in U.S. commerce. Such use is a false designation of origin, false or misleading description, and a

representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendant with JFE and as to the origin, sponsorship, or approval of Defendant's goods, services, and commercial activities by JFE.

28. Upon information and belief, Defendant's acts have caused and unless enjoined by this Court will continue to cause, irreparable injury and other damage to JFE's business, reputation, and goodwill in its federally registered SUSHIBOX trademark.  JFE has no adequate remedy at law.

## COUNT III
## FEDERAL UNFAIR COMPETION

29. JFE repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

30. The acts of Defendant complained of herein constitute unfair competition, including false designation of origin and false advertising, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

31. Defendant's acts have caused JFE to sustain monetary damage, loss, or injury, in an amount to be determined at trial.

32. Upon information and belief, Defendant engaged in these activities knowingly, willfully, maliciously, and deliberately, so as to justify the assessment of exemplary damages in an amount to be determined at trial.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

33. JFE repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

34. The acts and conduct of Defendant, as set forth above in this Original Complaint, constitute trademark infringement under Texas common law.

35. Defendant's conduct as alleged above has caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to JFE, its SUSHIBOX trademark, business, reputation, and goodwill. JFE has no adequate remedy at law.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

36. JFE repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

37. The acts and wrongful conduct of Defendant, as set forth above in this Original Complaint, constitute unfair competition under Texas common law.

38. Defendant's conduct as alleged above has caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to JFE, its SUSHIBOX trademark, business, reputation, and goodwill. JFE has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, JFE respectfully requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

JFE requests that the Court enter judgment in its favor on each and every claim for relief set forth above, and award JFE relief including, but not limited to, the following:

A. A preliminary and permanent injunction enjoining Defendant and its employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, suppliers, and all persons in active concert or participation with them from selling, advertising,

promoting, and distributing any goods or services bearing the SUSHIBOX mark, THE SUSHI BOX mark, or any other mark that is confusingly similar to JFE's SUSHIBOX trademark;

  B. An Order requiring Defendant to deliver up for destruction all materials in their possession, custody or control, or in the possession, custody or control of any of its agents or representatives, embodying or displaying the SUSHIBOX mark, THE SUSHI BOX, or any confusingly similar variations thereof, including but not limited to signage, labels, catalogs, advertisements, pictures, promotional materials, and the like;

  C. An Order requiring Defendant to account for and pay to JFE all profits and unjust gains arising from its unlawful acts alleged herein, and trebling such profits in accordance with 17 U.S.C. §1117, and any other applicable law;

  D. An Order for Defendant to pay for corrective advertising;

  E. An Order requiring Defendant to pay JFE compensatory damages in an amount as yet undetermined caused by its unlawful acts alleged herein, and trebling such damages in accordance with 17 U.S.C. §1117, and any other applicable law;

  F. An Order requiring Defendant to pay JFE statutory damages in an amount as yet undetermined caused by its unlawful acts alleged herein, and trebling such damages in accordance with 17 U.S.C. §1117, and any other applicable law;

  G. An Order requiring Defendant to pay JFE's costs and attorneys' fees in this action pursuant to 17 U.S.C. §1117, and any other applicable law;

  H. pre-judgment interest and post-judgment interest; and

  I. For such other and further relief as the Court may deem appropriate.

Respectfully submitted,

**BEIK LAW FIRM, PLLC**

     /s/Paul S. Beik
Paul S. Beik
S.D. Tex. ID No.: 642213
Texas Bar No. 24054444
8100 Washington Avenue, Suite 1000
Houston, Texas 77007
Tel: (713) 869-6975
Fax: (713) 868-2262
Email: paul@beiklaw.com

**ATTORNEY FOR PLAINTIFF**
**JFE FRANCHISING, INC.**